## W. C. Bradley et al. v. W. H. Martin et al.

1. DISCONNECTION OF TERRITORY—*Judgment Requiring Disconnection of, Should be Reversed When Statute Giving the Right is Repealed.* —Where the statute under which it is sought to coerce a village to disconnect territory described in the petition, has been repealed since the trial of the case, and there being no statute in force requiring such disconnection, a judgment commanding the municipal authority to do so should be reversed.

**Mandamus**, to disconnect territory, etc. Appeal from the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the February term, 1901. Reversed. Opinion filed March 3, 1902.

OPINION PER CURIAM.

This was a petition for mandamus in the Circuit Court of Effingham County, by appellees against appellants, to compel appellants, as president and trustees of the village of Watson, to disconnect from said village certain lands described in the petition. The proceedings in the Circuit Court resulted in a judgment of that court awarding a peremptory writ. From that judgment appellants appealed to this court. Pending this appeal, on May 10, 1901, the legislature passed an act with an emergency clause, entitled " An act in relation to the disconnection of territory from cities and villages, and to repeal an act therein named," Laws of 1901, p. 96, whereby the act of May 29, 1879, which had been held in Young v. Carey, 184 Ill. 613, to be mandatory, was repealed, and it was made discretionary with a city council or board of trustees whether they would disconnect territory upon application of owners thereof, and· which act provides that "it shall apply to and affect all cases where property has not been disconnected by such city council or trustees of such villages, whether application has been made for disconnection or not."

The Supreme Court of this State has recently had this statute before it for construction and application, in Vance et al. v. Rankin et al., a case in all respects analogous to the one now before us, and in an opinion handed down

February 21, 1902, hold that "the statute under which it is sought to coerce the appellants to disconnect the territory described in the petition having been repealed since the trial in the Circuit Court, and there being now no statute in force requiring them to make such disconnection," the judgment of the Circuit Court commanding them to do so should be reversed. This case is binding upon us and is conclusive of the case at bar.

The judgment of the Circuit Court of Effingham County is reversed.